UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANDE NQADOLO, *et al.*, ) | CASE NO. 3:22-cv-612 (KAD) |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| CARE AT HOME, LLC, *et al.*, ) | JULY 23, 2024 |
|    *Defendants*. ) | |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFFS' MOTION FOR LEAVE TO AMEND (ECF NO. 58)**

Kari A. Dooley, United States District Judge:

Plaintiffs Nande Nqadolo and Pamela Mangali move for leave to amend their complaint more than two years after they commenced this action, nearly two years after they filed an Amended Complaint, and four months after the Court denied their first motion for leave to file a Second Amended Complaint. Plaintiffs seek, essentially, to restart this putative class action against Defendants, Care at Home, LLC, Suzanne Karp, and Daniel Karp (collectively, "Defendants"), by asserting a theory of liability the Court previously held was asserted for the first time in their motions for class and conditional certification; namely, that Defendants failed to pay Plaintiffs owed overtime because their meal and sleep periods were not regularly scheduled. Having failed to obtain class or conditional certification on claims which had not been pled in the Amended Complaint, Plaintiffs simply seek to assert such claims in a Second Amended Complaint. Defendants oppose the motion. For the reasons that follow, the motion for leave to amend is DENIED. (ECF No. 58)

**Background and Procedural History**

The parties' familiarity with the underlying allegations and procedural history is presumed. On April 29, 2022, Plaintiffs commenced this action. On October 26, 2022, the Court entered a

scheduling order in which Plaintiffs were allowed to amend their Complaint by October 31, 2022. On October 31, 2022, Plaintiffs filed an Amended Complaint.

The Amended Complaint contained two causes of action: (1) a failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 21 U.S.C. §§ 201 *et seq.*, and (2) a failure to pay overtime in violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.* Plaintiffs alleged, individually and on behalf of all others similarly situated, that Defendants required caregivers to work long shifts without uninterrupted meal and sleep breaks and failed to account for food and lodging provided to them when calculating their overtime rates of pay. The gravamen of the overtime claims was that caregivers were not compensated for the time worked when sleep and meal periods were interrupted.

On June 6, 2023, the Court denied Defendants' motion to dismiss and granted Defendants' motion to strike the allegations related to and seeking an enhanced rate of pay for food and lodging provided to Plaintiffs. In response, on June 20, 2023, Plaintiffs filed a motion for leave to file a Second Amended Complaint to assert, *inter alia*, allegations regarding food and lodging provided as a matter of industry practice to rehabilitate the stricken allegations regarding food and lodging specific to Plaintiffs. Also pending at the time was Plaintiffs' motion for conditional certification of an FLSA collective and Plaintiffs' motion for Rule 23 class certification of the state law wage claims.[1]

On March 28, 2024, the Court denied Plaintiffs' motion for leave to amend as well as Plaintiffs' motions for conditional and class certification. As to Plaintiff's motion for leave to amend, the Court found that Plaintiffs attempt to reassert allegations that the Court previously struck to be "a brazen attempt at an end-run around the Court's decision granting the motion to

---

[1] The motion for conditional certification of the FLSA claims was filed on April 30, 2023 and the motion for class certification of the state law wage claims was filed on May 31, 2023.

2

strike."[2] As to the motions for conditional and class certification, the Court held that it could not certify classes with respect to theories of liability that were not pled in the Amended Complaint. On April 4, 2024, Plaintiffs moved for reconsideration of the Court's decision, which the Court denied on May 24, 2024.

Plaintiffs have now filed the instant motion for leave to amend in which they seek to allege the very theory of liability asserted for the first time in the motions for conditional and class certification: that Defendants failed to pay Plaintiffs eleven hours of overtime per day (representing 8 hours of sleep and three hours of meal breaks) because Plaintiffs' sleep and meal time breaks were not "regularly scheduled" as required.

**Standard of Review**

The ability of a plaintiff to amend its complaint is governed collectively by Rules 15 and 16 of the Federal Rules of Civil Procedure. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Generally, leave to amend under Rule 15 should be "freely give[n]." *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a plaintiff must establish "good cause" for amendment pursuant to Rule 16(b)(4) where a district court has issued "a scheduling order setting a date after which no amendment will be permitted" and the plaintiff requests to amend the complaint after that date. *See id.* Whether good cause exists generally "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The Court can also consider whether allowing amendment of the complaint at a particular stage of litigation would prejudice the defendant. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Even under the more liberal standards of Rule 15, "leave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine*

---

[2] As previously observed, Plaintiffs did not seek reconsideration of the Court's decision granting the motion to strike these allegations. *See* ECF No. 52 at 6 n.1.

3

*SA v. Giftports, Inc.*, 758 F. 3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). Regarding undue delay, "[t]he party seeking leave to amend [ ] has the burden to explain the delay and show why an amendment is warranted." *Boudreau v. Gonzalez*, No. 3:04-cv1471 (PCD), 2006 WL 8446804, at *2 (D. Conn. Oct. 24, 2006). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Messier v. Southbury Training Sch.*, No. 3:94-cv-1706 (EBB), 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999) (internal quotation marks omitted). "In determining what constitutes prejudice, we generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted). Under Rule 15, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

**Discussion**

Under either standard, Plaintiffs' motion is meritless. The Court agrees with Defendants that "enough is enough." *See* ECF No. 61 at 1. After two years of extensive discovery and then briefing on Plaintiffs' motions for conditional and class certification, it became manifest that Plaintiffs were attempting to proceed on theories of liability that were contained nowhere in the Amended Complaint. The Court denied the certification motions and Plaintiffs now seek to file a Second Amended Complaint to essentially restart the case so as to litigate the claims Plaintiffs could have, but did not, bring when the case was first filed. Defendants oppose the motion on several grounds: (1) the motion is untimely, (2) the proposed amendment is not based upon the

discovery of new facts, (3) Plaintiffs' cannot establish good cause to amend, (4) granting the motion would be unduly prejudicial to Defendants especially given Plaintiffs' unreasonable delay in filing the motion, and (5) the motion was filed in bad faith. The Court agrees with Defendants that: the motion is untimely, Plaintiffs have not offered any valid reason for the delay, Plaintiffs have not established good cause for the amendment, and to allow the proposed Second Amended Complaint would unduly prejudice Defendants. The Court does not therefore address whether Plaintiffs' have acted in bad faith, though, for the reasons discussed *infra*, the request for attorneys' fees and costs is denied.

This action has been pending in this Court since April 29, 2022. Plaintiffs filed the instant motion for leave to amend on June 12, 2024. Pre-class certification discovery closed on January 31, 2023. All of the "new" allegations refer to events that pre-date the filing of the original Complaint and simply support Plaintiffs' previously unasserted theories of liability—theories clearly available at the time the original complaint was filed. Given this lengthy and inexplicable delay, it is Plaintiffs' burden to offer good cause for amendment at this late juncture. *See Gonzalez*, 2006 WL 8446804, at *2; *Messier*, 1999 WL 20907, at *3; *see also Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46–48 (2d Cir. 1983) (finding that the district court abused its discretion in granting leave to amend answer where defendant sought to add affirmative defense it could have asserted over two years earlier without any good cause for the delay). But Plaintiffs offer no explanation for having failed to include these allegations (and these theories of liability) when they brought this action in 2022. While perhaps a purely strategic decision at the time, having now failed at the certification stage, Plaintiffs cannot simply begin anew. Indeed, Plaintiffs concede that they had the ability to include these allegations but did so, at best, inartfully. Plaintiffs assert that the Amended Complaint "should have made explicit [that] the reason for the improper

5

exclusion" was that Defendants never provided regularly scheduled sleep or meals periods. Nonetheless, Plaintiffs believed that the Amended Complaint provided "fair notice of the theories of liability for improper deduction[s] of 8 hours of sleep time and improper deduction[s] of 3 hours of mealtime[]." *See* ECF No. 58-1 at 7-8. This is precisely the argument the Court has *twice* rejected. *See* ECF Nos. 52; 57. Plaintiffs' unwillingness or inability to accept the Court's rulings is not "good cause" to permit an amendment that would provide an end-run around those rulings.

Moreover, the prejudice to Defendants could not be overstated if the Court were to permit amendment. To date, throughout discovery and certification briefing, the litigation has focused on a theory that Plaintiffs were not compensated for *interruptions* to their sleep and meal periods. This is a far cry, both factually and legally, from a claim that Plaintiffs had eleven hours of uncompensated overtime because their sleep and meal breaks were not "regularly scheduled." The Court cannot condone such a whack-a-mole approach to establishing liability under the FLSA or the state wage laws. *See Negron v. Cigna Health and Life Insurance Company*, No. 3:16-cv-1702 (JAM), 2021 WL 2010788, at *21 (D. Conn. May 20, 2021). Rule 16(b)'s good cause standard is "designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), overruled on other grounds as recognized in *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019). Allowing the insertion of a new theory of liability over two years into this litigation in the face of a demonstrable lack of diligence by Plaintiffs would unfairly prejudice Defendants.

Unfortunately, it is entirely consistent with Plaintiffs' wasteful strategy throughout this litigation to attempt to relitigate issues that the Court has decided multiple times. It bears repeating: this litigation will not be reset to square one. To do so could require additional discovery; would

undoubtedly result in additional motions practice, *i.e.*, certification as to these new claims; and an unacceptable delay in the resolution of this case. Accordingly, Defendants seek sanctions in the form of reasonable attorneys' fees incurred in responding to the instant motion pursuant to Rule 16(f)(2). "[Rule 16's] explicit reference to sanctions reflects the Rule's intention to encourage forceful judicial management and vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances." *Chevrestt v. Barstool Sports, Inc.*, 2020 WL 2301210, at *2 (S.D.N.Y. May 8, 2020) (quoting *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)) (internal quotation marks omitted). While the Court is obviously troubled by Plaintiffs' litigation strategy, the Court does not believe that sanctions are warranted at this juncture. The appropriate deterrent effect to such strategic decisions, if any, can be achieved by denying Plaintiffs their request to file a Second Amended Complaint.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to amend is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of July 2024.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE